**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA**

Fill in this information to identify your case:

Debtor 1: Shenette (First Name)   Latrelle (Middle Name)   Josey (Last Name)

Debtor 2 (Spouse, if filing): _____ (First Name)   _____ (Middle Name)   _____ (Last Name)

Case Number (If known): 19-30034

☐ Check if this is an amended plan.

## CHAPTER 13 PLAN AND MOTION

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices.** Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

    (a) This plan:   ☒ contains nonstandard provisions. See paragraph 15 below.
    ☐ does not contain nonstandard provisions.

    (b) This plan:   ☒ values the claim(s) that secures collateral. See paragraph 4(f) below.
    ☐ does not value claim(s) that secures collateral.

    (c) This plan:   ☒ seeks to avoid a lien or security interest. See paragraph 8 below.
    ☐ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

    (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $**900.00 per month** for the applicable commitment period of:

    ☒ 60 months; or

    ☐ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (If applicable include the following: These plan payments will change to $_____ monthly on _____, 20____.)

    (b) The payments under paragraph 2(a) shall be paid:

    ☒ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

    ☒ Debtor 1   **100** %   ☐ Debtor 2 _____ %

    ☐ Direct to the Trustee for the following reason(s):
    ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
    ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):
    _____

    (c) Additional Payments of $_____ (estimated amount) will be made on _____ (anticipated date)

GASB – Form 113 [Rev. 12/1/17]                                                                                    Page **1** of **5**

from _____ (source, including income tax refunds).

3. **Long-Term Debt Payments.**

   (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

   | CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO BE MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
   |---|---|---|---|---|---|
   | | | | | | |

   (b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

   | CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
   |---|---|---|---|---|
   | | | | | |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

   (a) **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

   (b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $<u>4500.00</u>.

   (c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

   | CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
   |---|---|---|---|---|
   | | | | | |

   (e) **Secured Claims Excluded from 11 U.S.C. § 506** (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)). The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a

purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Nissan Motor Acceptance | Vehicle (Nissan) | $23,927.53 | 5% | $480 |

(f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Security Loan | Personal Property/Vehicle | $1.00 | 5% | $1.00 |
| World Finance | Personal Property/Vehicle | $1.00 | 5% | $1.00 |
| One Main | Personal Property/Vehicle | $1.00 | 5% | $1.00 |
| Lendmark | Personal Property/Vehicle | $1.00 | 5% | $1.00 |
| 1st Franklin | Personal Property/Vehicle | $1.00 | 5% | $1.00 |

(g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%
☐ with interest at _____ % per annum **or** ☐ without interest:
_____

(h) **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **0** % dividend or a pro rata share of $ **0.00** , whichever is greater.

5. **Executory Contracts.**

(a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/ REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTOR(S) |
|---|---|---|---|---|
| | | | | |

(b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| | |

GASB – Form 113 [Rev. 12/1/17]                                                                                                           Page 3 of 5

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; **or** ☐ To the Trustee.

   CREDITOR                           ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

   CLAIMANT                           ADDRESS

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

   | CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
   |---|---|---|
   | Security Loan | | Household Goods |
   | World Finance | | Household Goods |
   | One Main | | Household Goods |
   | Lendmark | | Household Goods |
   | 1st Franklin | | Household Goods |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

   CREDITOR                  DESCRIPTION OF COLLATERAL              AMOUNT OF CLAIM SATISFIED

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by

GASB – Form 113 [Rev. 12/1/17]                                                Page **4** of **5**

11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

   **Any allowed secured tax claims to be paid at prime plus 3% interest or the interest rate on allowed proof of claim, whichever is lower.**

**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**

Dated:   2/15/2019

s/ Shenette Latrelle Josey
*Debtor 1*

_____
*Debtor 2*

s/ Angela McElroy-Magruder
*Attorney for the Debtor(s)*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

Shenette Latrelle Josey    )    CASE NO. 19-30034-SDB
)
)
)

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the within and foregoing Chapter 13 Plan and Motion by placing same in the United States Mail with proper postage affixed thereon to insure delivery, addressed as follows:

- **SEE ATTACHED MATRIX**

I hereby certify that the following insured depository institutions were served by Certified Mail addressed to the officer of the institution:

I hereby certify that the following parties and counsel were served electronically through the Notice of Electronic Filing (NEF) at the following addresses:

Huon Le
notices@chp13aug.org

Office of the US Trustee
Ustpregion21.sv.ecf@usdoj.gov

This 15th day of February, 2019.

                                                                       s/ Angela McElroy-Magruder
                                                                       Angela McElroy-Magruder
                                                                       Georgia Bar No. 113625

Claeys, McElroy-Magruder & Kitchens
512 Telfair Street
Augusta, Georgia 30901
706-724-6000

```
1st Franklin
Attn: Servicing Agent/Officer
2102 Veterans Blvd Ste C
Dublin,GA 31021


Aldous and Associates
PO Box 171374
Holladay,UT 84117


Commonwealth Finance
245 Main Street
Scranton,PA 18519


Credit Bureau Associates
420 College Street
Macon,GA 31201


Credit One Bank
PO Box 98873
Las Vegas,NV 89193


Fairview Park Hospital
PO Box 740766
Cincinnati,OH 45274


GA Dept of Revenue
1800 Century Blvd NE, Ste 9100
Atlanta,GA 30345


IC Systems
PO Box 64378
St Paul,MN 55164


Internal Revenue Service
PO Box 7346
Philadelphia,PA 19101
```

```
Lendmark
Attn: Servicing Agent/Officer
2118 Usher St NW
Covington, GA 30014


Nissan Motor Accept Corp
PO Box 660360
Dallas, TX 75266


OneMain
Attn: servicing Agent/Officer
PO Box 1010
Evansville, IN 47706


Security Loan
Attn: Agent/Officer
208 S Jefferson Street
Dublin, GA 31021


Southwest Credit Systems
4120 International Pkwy
Carrollton, TX 75007


Syncb/Belks
PO Box 965036
Orlando, FL 32896


Transworld
2235 Mercury Way Ste 275
Santa Rosa, CA 95407


Verizon
PO Box 650051
Dallas, TX 75265


William Rush and Assoc
4144 N Central Expy
Dallas, TX 75204
```

```
World Finance
Attn: Servicing Agent/Officer
PO Box 6429
Greenville, SC 29606
```